IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| HORIZON GROUP MANAGEMENT, LLC, | ) | Case No. 14-41230 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| Andrew J. Maxwell, chapter 7 trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| Daniel Michael, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONDENTS THE LAW OFFICES OF EDWARD T. JOYCE & ASSOCIATES, P.C.
AND THE LAW OFFICE OF JEFFREY S. SOBEK, P.C.'S
<u>RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL</u>**

Respondents, The Law Offices of Edward T. Joyce & Associates, P.C. ("Joyce") and The Law Offices of Jeffrey S. Sobek, P.C. ("Sobek")(collectively, "Class Counsel" or "Respondents") state as their response to Defendants' Motion to Compel as follows:

**Relevant Background**

Defendants' Background section is replete with mischaracterizations, which Respondents address below:

**A. The Bonnen Class Action.**

On June 24, 2009, Amanda Bonnen filed a class action in the Circuit Court of Cook County against Horizon Group Management, LLC (the "Debtor").[1] The class

---

[1] The Debtor moved to dismiss the complaint, asserting among other things, a novel (and quite technical) party misnomer issue. The Debtor was initially successful in dismissing Bonnen's complaint, without prejudice, and then she amended.

action alleged claims under the Chicago Residential Landlord and Tenant Ordinance ("RLTO"), and sought statutory damages and attorneys' fees.

The Debtor aggressively litigated every aspect of the class action lawsuit. On April 12, 2013, the Circuit Court of Cook County granted class certification and appointed Joyce and Sobek as Class Counsel. On November 21, 2013, the Debtor entered into a Stipulation and Agreement to Settle Class Action ("Settlement") with Bonnen and the class. Pursuant to the Settlement, the Debtor agreed to pay amounts due to the class members who opted to participate in the settlement, a $5,000 award to the class representative and any court-awarded attorney's fees and costs. Pursuant to the Settlement, the Debtor was also responsible for identifying all class members (*i.e.,* the individuals who met the class definitions as set forth in the Settlement) from its business records. Each class member identified by the Debtor as a member of the two certified classes was listed on a schedule that was attached to the underlying parties' Joint Motion for Preliminary Approval. To the extent those class members were members of the Security Deposit Interest Sub-Class, the schedule identified the amount of the security deposit each class member paid. All class members were then sent notice of the Settlement and given an opportunity to "opt-in" to participate. On December 2, 2013, the Circuit Court of Cook County preliminarily approved the Settlement and confirmed its appointment of Class Counsel, and on March 13, 2014, the Circuit Court of Cook County entered an order of final approval.

Pursuant to the Settlement, the Debtor had an opportunity to object to completed class member claim forms if those claim forms contradicted its business

records. If the Debtor objected, the Debtor was to provide notice of its objection and the grounds for its objection, including supporting documentation. Under those circumstances, Class Counsel had one of two choices: (1) agree with the Debtor's objection to the claim, deny the claim and notify the claimant of the denial; or (2) disagree with the Debtor's objection and engage in good faith efforts with the Debtor to resolve the dispute. If counsel for the parties failed to resolve the dispute, the Settlement required the parties to bring the dispute to the Circuit Court of Cook County for resolution.

The Debtor agreed to pay claims for several class members who opted in for relief. In fact, on July 11, 2014, the Debtor deposited sufficient funds with the claims administrator, First Class, to fund those undisputed claims. However, during the summer of 2014, although the Debtor provided the identity of all class members entitled to opt-in, the Debtor objected to certain claim forms (*i.e.,* the claims of the "Unpaid Class Members" who filed a proof of claim in this case) on the basis that those individuals were not entitled to relief. On several occasions, Class Counsel asked the Debtor's counsel for supporting documentation, as was required by the Settlement. The Debtor's counsel always promised that the supporting documentation was coming and that he was working with the Debtor to obtain this information.

On August 27, 2014, as the Parties continued to work together to address the disputed claims and as the Debtor purportedly continued working to obtain the documentation to support its objections, the Circuit Court of Cook County entered a

judgment awarding attorneys' fees to Class Counsel in the amount of $833,455.32. Thereafter, instead of providing the required supporting information to resolve the disputed claims, the Debtor filed for bankruptcy. Because the Settlement required the Parties to engage in good faith efforts to resolve disputes before seeking court intervention, and because Class Counsel and the Debtor's counsel were engaging in what Class Counsel believed were good faith efforts to resolve the disputes, Class Counsel never had an opportunity to raise the disputed issues with the Circuit Court of Cook County. Once the bankruptcy matter was filed, Class Counsel was precluded from doing so because the case was put on the bankruptcy stay calendar in light of the filed bankruptcy. Defendants' failure to acknowledge these facts and circumstances by instead claiming that Class Counsel never informed the state court of any alleged contested class claims is disingenuous and misleading.

Defendants further inaccurately state, at Paragraph 9 of their Motion to Compel, that "[f]ollowing notice to Class Counsel and distribution to all undisputed claimants, the administrator closed the Bonnen class account and returned the excess funds as required pursuant to the terms of the Settlement." In an effort to make it appear as though Class Counsel conceded the disputed claims, Defendants suggest that the Claims Administrator, First Class, returned the remaining funds prior to the time the Debtor filed for bankruptcy. This is not true. The Debtor filed for Bankruptcy on November 14, 2014. At that time, Class Counsel's hands were tied. They were unable to further contest the Debtor's objections to the unpaid class members' claims because the Circuit Court case was stayed. For tax reasons as the

end of 2014 approached, the Claims Administrator asked that the remaining funds be returned before the end of the year (2014). Because the Debtor's bankruptcy case had already been filed and the state court case was stayed, Class Counsel agreed. The fact that Defendants continue to misrepresent these facts speaks volumes.

**B.    The Debtor Breached Its Settlement Obligations and Filed for Bankruptcy.**

As explained above, on August 27, 2014, the Circuit Court of Cook County entered a judgment awarding Class Counsel fees totaling $833,455.32. Pursuant to the terms of the Settlement, the awarded attorney's fees were to be paid in six equal installments, with the first installment due ten days after the Circuit Court's judgment (*i.e.,* September 6, 2014). Although the Debtor's counsel asked and received information concerning Class Counsel's wire instructions to facilitate that payment, the Debtor never made a payment. Instead, in early September 2014, the Debtor, through Bob Fishman, reached out to Class Counsel to tell them that the Debtor did not have the funds to pay and asked whether Class Counsel would agree to settle for less than the judgment. Class Counsel asked for more information and entered into a standstill agreement with the Debtor. Pursuant to the standstill agreement, the Debtor agreed not to file for bankruptcy, and Class Counsel agreed not to pursue collection proceedings, until at least 48 hours after notice of termination of the standstill agreement.

On November 12, 2014, Class Counsel terminated the standstill agreement. During the 48 hours following termination of the standstill agreement, the Debtor breached the standstill agreement, just like it breached the Settlement, and

5

prematurely filed for bankruptcy under Chapter 11 of the Bankruptcy Code.[2] Class Counsel hired Paul Bauch ("Bauch") to represent them and the unpaid class members as creditors in the Debtor's bankruptcy proceeding.

The Debtor later caused the proceedings to be converted into a Chapter 7 proceeding and Andrew Maxwell was appointed Chapter 7 trustee. On July 1, 2015, the Trustee hired Bauch as his special counsel. Class Counsel hired the Robbins firm to represent them and the unpaid class members.

On August 21, 2015, Ken Flaxman of the Joyce firm filed a $36,725.27 proof of claim on behalf of the unpaid class members. Class Counsel also filed their proof of claims. Adversary proceedings then ensued.

### C. Class Counsel and the Unpaid Class Members Filed Suit Against The Northern Trust Company.

On November 15, 2016, Class Counsel and the Unpaid Class Members filed suit against The Northern Trust Company ("Northern Trust") in the Circuit Court of Cook County, alleging that Northern Trust negligently misrepresented in a letter provided to Class Counsel and the Circuit Court of Cook County during the settlement approval process in the Bonnen class action that it was verifying that the Debtor -- the defendant in that class action -- had the ability to pay, via liquid assets and lines of credit, a settlement judgment equal to $845,000. This representation regarding the Debtor's ability to pay $845,000 was false. Unbeknownst to Class Counsel and the Circuit Court who was approving the Settlement, the Debtor had

---

[2] Although Class Counsel prepared to have Citations served, Class Counsel was never able to follow through because the Debtor prematurely breached the standstill agreement.

6

minimal (if any) assets, amounting to less than $100,000, and no lines of credit for funding the settlement. Instead, the assets and lines of credit referenced in Northern Trust's letter were held by a principal (*i.e.* Defendant Daniel Michael) of the Debtor (and not the Debtor).

Northern Trust moved to dismiss the Complaint, but that motion was denied. Written and oral discovery proceeded. Northern Trust then moved for summary judgment, which was denied. The case is now set for trial the week of May 13, 2019.

**D. Class Counsel Responded to Defendants' Discovery Requests in This Matter.**

Consistent with this Court's ruling, in February 2019, Class Counsel responded to Defendants' discovery requests and provided detailed privilege logs. On March 11, 2019, Defendants' counsel wrote a letter to Class Counsel regarding, *inter alia,* alleged deficiencies in Class Counsel's responses to Defendants' discovery requests, including specifically, Class Counsel's privilege log relating to the unpaid class members who they represent. On March 18, 2019, the Parties discussed these alleged deficiencies. Class counsel agreed to amend their privilege log. Although Class Counsel provided a detailed amended privilege log, Defendants filed the instant Motion to Compel, which argues, *inter alia,* that Class Counsel's amended privilege log remains deficient, but Defendants fail to explain why. This Court ordered the Parties to whom Defendants' Motion to Compel is directed to respond to Argument Sections (c)-(f). Section (f) does not relate to Class Counsel, and therefore, Class Counsel offers no response below. Class Counsel responds to the arguments raised in Sections (c)-(e) below.

7

**Argument**

**A. Class Counsel Have Produced All Responsive Documents Within Their Possession, Custody and Control Relating to Their Lawsuit Against the Northern Trust Company.**

Defendants requested production of Class Counsel's deposition transcripts in their lawsuit against The Northern Trust Company, and any corresponding exhibits. Class Counsel produced everything they have in their possession, custody and control and have since confirmed this fact with Defendants' counsel. Thus, Class Counsel understands that this argument section of Defendants' Motion to Compel is no longer an issue. To the extent it remains an issue, Class Counsel recommends that Defendants ask their banker, The Northern Trust Company, if it has the requested materials, or alternatively, subpoena the court reporting company for the exhibits they seek.

**B. Withheld Documents Related to The Unpaid Class Members.**

Ignoring what has already been produced and what Defendants already have in their possession, Defendants argue that Class Counsel has failed to produce documents supporting the Unpaid Class Members' Claim No. 11 and their lawsuit against The Northern Trust Company. But Class Counsel has already produced responsive materials. For example, as Defendants acknowledge, Class Counsel has produced multiple court orders appointing them as class counsel, and Class Counsel produced the responsive class action materials, including the schedule of class members, identified *by the Debtor* from *the Debtor's* business records. This schedule identifies *all* class members. To the extent those members paid a security deposit and

8

were members of the security deposit interest sub-class, the amount of the security deposit they paid (and thus, the amount of the damages they are entitled to recover as a member of security deposit interest sub-class -- *i.e.,* one times their security deposit) is revealed in this schedule. Notwithstanding the foregoing, Defendants continue to argue that Class Counsel's response is deficient because they are entitled to all documents, including tenant lease files, payment records, etc.

Setting aside the fact that Defendants' request is harassing to the extent that the requested documents are the Debtor's business records and therefore should be in Defendants' possession, custody or control, and setting aside the fact that Defendants' request is harassing to the extent the Debtor prepared the schedule identifying all class members entitled to relief which was attached to the Joint Motion for Preliminary Approval, Class Counsel has produced its documents responsive to this request. Moreover, to the extent the Debtor disputed any of the class members' claims prior to the Debtor filing for bankruptcy, the Debtor was required, pursuant to the settlement agreement, to produce documents supporting its objections. For example, to the extent the Debtor objected to a class member's claim, the Debtor was required to demonstrate (through its business records), among other things, that: (a) the class member did not pay a security deposit, (b) the class member was not underpaid interest on his or her security deposit; (c) the class member received the proper ordinance summary; or (d) the class member's tenancy was not during the appropriate timeframe. Only after the Debtor provided evidence to support its objections to class member's claims were the class members obligated to provide

evidence to counter Defendants' objections. Although Defendants prepared the lists identifying the members of the class and the amounts of security deposits that were collected (*i.e.,* the damages for members of the security deposit interest sub-class), the Debtor never produced any documents to support its objections. In fact, it strung the unpaid class members along, promising the required materials were coming, until it filed for bankruptcy. At that time, the unpaid class members were precluded from further raising this issue before the Circuit Court in light of the automatic bankruptcy stay. As Class Counsel, the Joyce and Sobek firms must ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of their claims. *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill.App.3d 538 (5th Dist. 2003). Class Counsel have an ongoing duty to continue protecting the interests of the unpaid class members and have done so by filing a proof of claim on their behalf.

To the extent Defendants seek Class Counsel's communications with each of the unpaid class members, those communications are privileged and protected from disclosure pursuant to the attorney-client privilege. Class Counsel produced a detailed privilege log relating to all written communications between Class Counsel and the unpaid class members. When Defendants argued that Class Counsel's privilege log was deficient, Class Counsel provided a detailed amended privilege log. Class Counsel's response relating to the unpaid class members is more than sufficient.

**C. The Common Interest Privilege and Withheld Communications.**

To the extent Defendants object to Class Counsel's assertion of the common interest privilege, Class Counsel adopts the Trustee's and Robbins' responses as if fully stated herein.

## Conclusion

For the foregoing reasons, Class Counsel has either produced all responsive documents within their possession, custody or control, or has provided privilege logs which are more than sufficient and appropriate under these circumstances. Defendants' Motion to Compel be denied.

Dated: May 6, 2019	THE LAW OFFICES OF EDWARD T. JOYCE & ASSOCIATES, P.C. and THE LAW OFFICES OF JEFFREY S. SOBEK, P.C.

By: /s/ Edward T. Joyce
One of Their Attorneys

Edward T. Joyce
The Law Offices of Edward T. Joyce & Associates, P.C.
135 South LaSalle Street
Suite 2200
Chicago, IL 60603
(312) 641-2600
ejoyce@joycelaw.com


Jeffrey S. Sobek
The Law Offices of Jeffrey S. Sobek, P.C.
29 E. Madison Street
Suite 1000
Chicago, IL  60602
(312) 756-1330
jeffs@jsslawoffices.com

## CERTIFICATE OF SERVICE

I, Edward T. Joyce, an attorney, hereby certify that on May 6, 2019, the foregoing RESPONDENTS THE LAW OFFICES OF EDWARD T. JOYCE & ASSOCIATES, P.C. AND THE LAW OFFICE OF JEFFREY S. SOBEK, P.C.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL was filed electronically with the Clerk of the United States Bankruptcy Court For The Northern District Of Illinois Eastern Division using its CM/ECF system, which automatically sends notification of such filing to all counsel of record.

/s/  Edward T. Joyce